IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERCY BRADLEY,

    Plaintiff,                    No. CIV S-06-0015 DFL PAN P

    vs.

TERESA SWARTZ, et al.,

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By court order filed April 19, 2006, plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.   See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint, or portion thereof, should only be dismissed for failure to state a
9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 In his amended complaint, plaintiff sets forth claims identical to those in his
18 original, dismissed complaint, that defendants have violated his constitutional rights by refusing
19 to transfer him to another facility located closer to plaintiff's family members and by failing to
20 process his grievances related to that issue.

21 Inmates do not have a constitutional right to be housed at a particular facility or
22 institution or to be transferred, or not transferred, from one facility or institution to another.
23 Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25
24 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an inmate
25 have a constitutional right to any particular classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9
26 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged deprivations of

rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir.1986). On the basis of these authorities, the court finds that plaintiff's allegations concerning classification and housing fail to state a Fourteenth Amendment claim upon which relief may be granted.

To the extent plaintiff is alleging defendants are impeding his access to the court, plaintiff fails to allege facts that show that defendant, by his or her actions, prevented him from bringing, or caused him to lose, an actionable challenge either to his conditions of confinement or his criminal conviction. See Lewis v. Casey, 518 U.S. 343, 351, 356 (1996). Plaintiff's allegations are insufficient to state a cognizable claim for interference with his right of access to the courts.

Plaintiff also alleges defendants interfered with his grievances. Plaintiff fails to allege facts that show that the grievances presented facts supporting cognizable claims for relief in court. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the courts extends to established prison grievance procedures.") Plaintiff alleges facts that his underlying grievances related to his classification or status, and therefore fails to state a claim upon which relief may be granted.

For the foregoing reasons, the court finds that plaintiff has failed to state a claim upon which relief may be granted in his amended complaint. Good cause appearing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

1 | These findings and recommendations will be submitted to the United States
2 | District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3 | twenty days after being served with these findings and recommendations, plaintiff may file
4 | written objections with the court.  The document should be captioned "Objections to Findings
5 | and Recommendations."  Plaintiff is advised that failure to file objections within the specified
6 | time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7 | (9th Cir. 1991).
8 | DATED:  September 29, 2006.

*[Signature]*
UNITED STATES MAGISTRATE JUDGE

14
brad0015.ftsc.fr

4